# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARK CIUMMO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 09 C 3780 |
| v. ) | |
| ) | Magistrate Judge Morton Denlow |
| MARK RUGE and ) | |
| CHRISTOPHER SEFTON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND FACTS

Defendants Mark Ruge and Christopher Sefton ("Defendants") prevailed at trial when a jury returned a verdict and this Court entered a judgment in their favor on November 16, 2011. Dkt. 55. The Court awarded court costs to Defendants and against Plaintiff Mark Ciummo ("Plaintiff"). *Id.* Defendants subsequently submitted their Bill of Costs requesting $4,734.47 pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920. Plaintiff submitted a response requesting that the Bill of Costs be denied.

### II. DISCUSSION

Federal Rule of Civil Procedure 54(d) establishes a strong presumption that a prevailing party will recover costs. *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). A court shall review a proposed bill of costs in scrupulous detail and award only costs that are reasonable, both in amount and necessity to the litigation. *Shah v. Vill. of Hoffman Estates*, No. 00 C 4404, 2003 WL 21961362, at *1 (N.D. Ill. Aug. 14, 2003). A court is

vested with wide discretion to determine whether and to what extent costs may be awarded to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *Blackwell v. Kalinowski*, No. 08 C 7257, 2011 WL 3555770, at *1 (N.D. Ill. Aug. 11, 2011). The losing party has the burden of an affirmative showing that the costs are not appropriate. *Blackwell*, 2011 WL 355770, at * 1.

The Seventh Circuit recognizes only two situations which may warrant the denial of costs. *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); *Boback Sausage Co. v. A&J Seven Bridges, Inc.*, No. 07 C 4718, 2011 U.S. Dist. LEXIS 58764, at *2 (N.D. Ill. May 31, 2011). First is "misconduct by the prevailing party that is worthy of a penalty, such as calling unnecessary witnesses, raising unnecessary issues or otherwise unnecessarily prolonging the proceedings." *Collins v. United States*, No. 03 C 2958, 2008 U.S. Dist. LEXIS 46798, at *6 (N.D. Ill. Jan. 3, 2011). Plaintiff does not allege, and the Court does not find, that Defendants engaged in any misconduct in defending this hard fought case.

The second situation, and the one which Plaintiff argues here, requires the court to make a threshold finding that the losing party is incapable of paying costs and then consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by the case. *Rivera v. City of Chi.*, 469 F.3d 631, 635-36 (7th Cir. 2006). The exception is a narrow one and the burden is on the losing party to provide sufficient documentation to support such a finding, including evidence of both income and assets, as well as a schedule of expenses. *Id.*

Plaintiff has failed to establish that he is indigent to the extent that would warrant a denial of costs. At the trial in November 2011, Plaintiff's brother testified that Plaintiff lived with him in Illinois and they purchased the home together. Plaintiff's brother testified that Plaintiff had been working as a handyman for the past two to three months (since August or September 2011) which is in direct conflict with Plaintiff's affidavit that his only work since 2008 was for three days in March or April 2011.

Plaintiff's affidavit states that he stopped receiving social security disability benefits in January 2010 and he is capable of working. Plaintiff states that he has applied for at least 1,000 mechanic jobs that do not require lifting more than ten pounds but has been unsuccessful in obtaining employment. Further, he has no present source of income, he lives with his parents in Arizona, and he does not contribute to household expenses. While this information may establish that Plaintiff is in a difficult situation, it does not establish that Plaintiff "is incapable of paying the court-imposed costs at this time or in the future." *Rivera v. City of Chi.*, 469 F.3d at 635 (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)); *id.* at 636 ("Rivera was required to show not only that she was incapable of paying court-ordered costs at the time they were imposed but also that she will be incapable of paying them in the future."). Plaintiff is a forty-one year old who has skills as a mechanic and handyman, who is capable of working.

Further, the Court finds that the costs requested are eminently reasonable for a case that proceeded through a full jury trial. The case was not a close one in the eyes of the jury, as evidenced by the return of a verdict within one hour of the conclusion of trial.

Plaintiff has not objected to any specific costs. The Court has reviewed the Bill of Costs and supporting documentation in detail and finds all of the costs to be appropriate. The Court finds that Plaintiff has not met his burden of proving that he is incapable of paying the court-imposed costs at this time or in the future. Therefore, the Court awards Defendants $4,734.47 in court costs against Plaintiff.

### III. CONCLUSION

**For the reasons set forth in this opinion, the Court awards Defendants Mark Ruge and Christopher Sefton court costs against Plaintiff Mark Ciummo in the amount of $4,734.47.**

**SO ORDERED THIS 15th DAY OF FEBRUARY, 2012.**

_____
**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

David M. Smolin                                    **Counsel for Defendants**
Bruce E. Brandwein
Brandwein & Smolin
20 South Clark Street, Suite 410
Chicago, IL 60603

**Counsel for Plaintiff**

Iain D. Johnston
Heidi A. Steiner
Johnston Greene LLC
542 South Dearborn Street, Suite 1100
Chicago, IL 60605